UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCIENTEL SOLUTIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD SEIFF, )<br>)<br>Defendant. ) | Case No. 17-CV-00937<br><br>Judge Joan B. Gottschall |

## ORDER

On February 3, 2017, Scientel Solutions, LLC ("Plantiff") sued its former employee, Richard Seiff ("Seiff"). In short, Plaintiff alleges that Seiff took proprietary computer files with him to a competitor when he resigned on January 13, 2017. It brings claims for misappropriation of its trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Illinois Trade Secrets Act, 765 ILCS 1065, *et seq.*; conversion; breach of fiduciary duty; and breach of contract. The court has before it Plaintiff's emergency *ex parte* motion for a temporary restraining order ("TRO") and preliminary injunction, supporting memorandum, accompanying exhibits and a motion to file the memorandum and exhibits under seal. Plaintiff filed these motions in the evening of February 6, 2017.

Plaintiff represents in its motion to seal that the memorandum and exhibits discuss "confidential and trade secret information relating to Scientel's proprietary technology, finances, operations, and customers." (Mot. to Seal ¶ 3, ECF No. 6.) This representation justifies sealing only the portions of the papers that threaten to disclose alleged trade secrets, subject to possible litigation over whether they are, indeed, protected as trade secrets. *See, e.g.*, *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562,567 (8th Cir. 2000) ("[l]itigation about trade secrets regularly is conducted in public; the district court seals only the *secrets* (and writes an opinion omitting

secret details)"). Consequently, the court will require Plaintiff to file redacted copies of its memorandum and exhibits excising the alleged trade secrets. For now, however, the papers may remain under seal in their entirety until defendant can be heard on the motion to seal.

As for the motion for injunctive relief, Plaintiff asks the court to enter a TRO *ex parte*, but it has not complied with Federal Rule of Civil Procedure 65(b):

> (b) Temporary Restraining Order.
>
> > (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > >
> > > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also* N.D. Ill. L.R. 5.5(d) ("A motion for an *ex parte* order shall be accompanied by an affidavit showing cause therefor and stating whether or not a previous application for similar relief has been made."). Plaintiff's motion for a temporary restraining order, the supporting memorandum, and the two attached affidavits of fact witnesses do not explain why Seiff should not receive notice and an opportunity to be heard as Rule 65(b)(2) requires. Indeed, Plaintiff presents evidence that it has already communicated with Seiff and advised him that it believes he has taken proprietary information without authorization. (Letter from Def., ECF No. 8-6 . Ex. 5).

Plaintiff's motion for a temporary restraining order (ECF No. 7) is denied to the extent it seeks *ex parte* relief. A hearing on Plaintiff's motion for a temporary restraining order and motion to seal is set for February 8, 2017, at 10:00 a.m. Plaintiff may maintain its memorandum

and exhibits under seal until that hearing. Plaintiff must give the defendant notice of its emergency motion and the hearing and file an appropriate certificate of service.[1]

"Under the Federal Rules, parties to any litigation have the duty to preserve documents commensurate with the scope of discovery allowed under Fed. R. Civ. P. 26." *Larson v. Bank One Corp.*, No. 00 C 2100, 2005 WL 4652509, at *10 (N.D. Ill. Aug. 18, 2005); *see also* Fed. R. Civ. P. 37(e) (governing preservation of electronically stored information). The court makes this requirement specific out of an abundance of caution here. Pending that hearing, the court orders Seiff and all persons acting in active concert or participation with him to preserve in their current condition, without limitation, the electronic storage media and documents Plaintiff alleges contain its proprietary information, including the portable, external electronic storage device, described as a Toshiba external hard drive, Seiff allegedly connected to his computer on at least January 12, 2017; the files on that hard drive; all computers to which Seiff and those acting in concert or active participation with him know or have reason to believe were subsequently connected to that hard drive; all computers and electronic storage media to which files container on that hard drive were subsequently copied or moved; any hard copies of files contained on that hard drive; and all correspondence, whether in hard copy or electronic form, that is potentially discoverable in this action.

Date: February 7, 2017                                   /s/
                                                        Joan B. Gottschall
                                                        United States District Judge

---

[1] Given the urgency of this matter and the short time remaining until the hearing, Plaintiff may give the defendant telephonic notice; an affidavit of such service is required. Formal written notice should follow as soon as practicable.

3