UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCIENTEL SOLUTIONS, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 17-CV-00937 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| RICHARD SEIFF, | ) |
| Defendant. | ) |

## ORDER

The court is in receipt of the parties' proposed redactions to their briefing on the motions for sealed documents. First, as no party objects to much of these documents being made public, the court will order that the redacted versions transmitted to chambers on February 10, 2017, be filed immediately. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).

Without the benefit of specific briefing on the issue, the proposed redactions appear to fall into four categories. The court has an independent obligation to decide whether a paper filed in a case should be sealed. *See, e.g., Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 544–45 (7th Cir. 2002). Pursuant to that obligation, the court lists the categories of documents it has received with its general concerns.

1. Plaintiff's alleged trade secrets. Plaintiff should be prepared to explain with specificity its good-faith basis for claiming trade-secret protection. *See generally In re Bank One Secs. Litig.*, 222 F.R.D. 582, 58788 (N.D. Ill. 2004) (collecting authority and discussing standard for sealing claimed trade secrets).

2. Statements about the sectors in which Scientel has worked and assertions that disclosure of protected material could adversely affect Scientel's clients (*e.g.*, Mem. Supp. Mot.

ECF No 8 at 6). A review of what appears to be Scientel's website shows that the company advertises that it serves the industries mentioned in the plaintiff's papers, so sealing that material does not appear to be appropriate. Also, it is not entirely clear why the plaintiff's arguments about the potential impact of disclosure should be sealed.

3. Portions of the papers arguably identifying Scientel's current and former projects and clients. It is unclear why this material should be sealed, given that Scientel's president apparently identified many of these potential projects in text messages to the defendant. (Seiff Decl. Ex. A, ECF No. 16-1).

4. File and directory names used in Scientel's internal network. The names appear in briefing, on screenshots, and in the audit report. (*See* Santos Decl. Ex. 3, 5; Zub Decl. ¶¶ 16, 19; Seiff Resp. at 5; Seiff Decl. Ex. A.) To the extent this material does not fall into categories one through three above, the reasons for its sealing are not clear on the record.

Based on the foregoing, the parties are ordered to file by February 15, 2017, the redacted papers sent to chambers on February 10, 2017. Redacted versions of documents should be entered on the docket with an explicit reference to the sealed document by title and the number of the related docket entry, e.g.., "Redacted Version of [123], Motion to Dismiss." Redacted motions should not be entered on the docket as a separate, pending motion. Any questions should be directed to the ECF helpdesk or the courtroom deputy.

A status conference is set for February 17, 2017, at 9:30 a.m., at which the parties will have an opportunity to address the issues raised in this order.

Date: February 14, 2017            /s/
                                   Joan B. Gottschall
                                   United States District Judge