IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCIENTEL SOLUTIONS, LLC, | ) | |
| | ) | Case No.: 1:17-CV-937 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | |
| RICHARD SEIFF, | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 12(b)(6) MOTION TO DISMISS
### COUNTS III, IV AND V OF
### SCIENTEL SOLUTIONS, LLC'S COMPLAINT

Richard Seiff, by and through his counsel, Gozdecki, Del Giudice, Americus, Farkas & Brocato LLP, for his Rule 12(b)(6) Motion to Dismiss Counts III, IV and V of Scientel Solutions, LLC's ("Scientel") Complaint, hereby states as follows:

### INTRODUCTION

Scientel's Complaint attempts to state claims for violation of the federal Defend Trade Secrets Act ("DTSA") (Count I), the Illinois Trade Secrets Act ("ITSA") (Count II), conversion (Count III); breach of fiduciary duty (Count IV) and breach of contract (Count V)[1]. Counts III, IV and IV of the Complaint fail to state a claim and thus should be dismissed with prejudice.

Counts III, alleging conversion, is preempted by the ITSA, as the sole basis for the claim is the alleged misappropriation of confidential information. Count IV, alleging breach of fiduciary duty, fails for two reasons. First, allegations that Seiff merely prepared to compete against Scientel do not, as a matter of law, constitute a breach of fiduciary duty.

---

[1] Contemporaneous with the filing of this Motion to Dismiss, Seiff filed his Answer, Affirmative Defenses and Counterclaim in response to Counts I and II of the Complaint.

Second, the breach of fiduciary duty claim is preempted by the ITSA to the extent it is grounded upon a claimed misappropriation of confidential information. Count V, alleging a breach of contract, is deficient as a matter of law, because Scientel seeks to base its claim upon an Employee Handbook that, by its express terms, is not an employment contract or agreement, and does not confer contractual rights on any party. For these reasons, Counts III, IV and V of Scientel's Complaint should be dismissed, with prejudice.

## STANDARD OF REVIEW

In ruling upon a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court assumes the truth of all well-pled allegations in the complaint, construing allegations liberally and viewing any well-pled allegations in the light most favorable to the non-movant. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal of a claim is warranted when it is clear no set of facts the non-movant could prove consistent with those allegations would warrant relief. *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991).

## ARGUMENT

**A.     Counts III (Conversion) is Preempted by the Illinois Trade Secrets Act.**

Scientel's claim for conversion is premised entirely upon misappropriation of trade secrets, and is thus preempted by the ITSA. The ITSA abolished claims arising from misappropriated trade secrets, other than claims for breach of contract. 765 ILCS § 1065/8(a) ("Except as provided in subsection (b), this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret."); *see also Hecny Tramp., Inc. v. Chu*, 430 F.3d 402, 404 (7th Cir. 2005).

Scientel's conversion claim is premised solely upon the alleged conversion of trade secrets maintained in electronically-stored files and data, not tangible property. (Compl. ¶¶ 59-62.) The ITSA preempts all claims of conversion of intangible property. *See Ace Novelty Co., Inc. v. Vijuk Equip., Inc.* No. 90 C 3116, 1990 WL 129510, at * 3 (N.D. Ill. Aug. 31, 1990) (dismissing conversion claim based on alleged misappropriation of "plans and ideas" and "research and development"); *QSRSoft, Inc. v. Rest. Tech., Inc.*, No. 06 C 2734, 2006 WL 3196928, at *9-10 (N.D. Ill. Nov. 2, 2006) (dismissing as preempted under the ITSA a claim of conversion of proprietary materials consisting of source code, data engine, ISP data and web page displays); *AutoMed Tech, Inc. v. Eller*, 160 F. Supp. 3d 915, 922 (N.D. Ill. 2001) (dismissing conversion claim based on unauthorized control of proprietary software and design plans as preempted by ITSA).

Thus, Count III should be dismissed with prejudice.

### B. Count IV (Breach of Fiduciary Duty) Fails to State a Claim.

#### 1. The ITSA Preempts Scientel's Breach of Fiduciary Duty Claim.

Scientel likewise seeks to base its claim for breach of fiduciary duty upon Seiff's alleged misappropriation of confidential information. (Compl. ¶¶ 91-93.) However, the ITSA displaced common law remedies such as a breach of fiduciary duty claim based upon the alleged misuse of confidential information. "The ITSA did not establish a parallel statutory regime to complement the common law; rather, it 'abolished common law theories of misuse of such [secret] information .... Unless defendants misappropriate[ ] a statutory trade secret, they d[o] no legal wrong.'" *See Learning Curve Toys, L.P. v. Playwood Toys, Inc.*, 1999 WL 529572 at *3 (N.D. Ill. July 20, 1999), *quoting Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 2002) (edits in original); *see also Carpenter v. Aspen Search Advisors, LLC*,

3

No. 10 C 6823, 2011 WL 1297733, at * 2 (N.D. Ill. Apr. 5, 2011) (holding common law claim for breach of fiduciary duty, arising from alleged misuse of confidential information, was preempted "[w]hether or not an ITSA claim is supported."); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 971-72 (N.D. Ill. 2000) (holding conversion and breach of fiduciary duty claims preempted by ITSA); *Thermodyne Food Serv. Prods., Inc. v. McDonald's Corp.*, 940 F. Supp. 1300, 1309 (N.D. Ill. 1996) (preempting breach of fiduciary claim).

For these reasons, Count IV alleging breach of fiduciary duty is preempted by the ITSA, and should be dismissed with prejudice.

### 2. Allegations of Preparing to Compete are Not Actionable.

Scientel also attempts to support a breach of fiduciary duty claim on allegations that before resigning, Seiff visited with a potential employer in Kentucky. (Compl. ¶¶ 35-36, 94.) However, Scientel does not allege, even when its allegations are construed in its favor, that Seiff took any steps beyond simply preparing to compete. Nor does Scientel allege that Seiff is subject to any post-employment restrictive covenant. It is well settled under Illinois law that merely preparing to compete does not constitute a breach of a fiduciary duty. *See Voss Engineering, Inc. v. Voss Industries, Inc.*, 134 Ill. App. 3d 632, 635-636 (1st Dist. 1985) ("An employee is held accountable for breaching his fiduciary duty to his employer only when he goes beyond such preliminary competitive activities and commences business as a rival concern while still employed."); *see also Radiac Abrasives, Inc. v. Diamond Tech., Inc.*, 177 Ill. App. 3d 628, 636-37 (2d Dist. 1988) ("[A]n employee, absent a restrictive covenant, has a right to enter into competition with the former employer upon leaving such employ and ... an employer may even go so far as to form a rival corporation and outfit it for business while still employed by the prospective competitor."). The Complaint contains nothing more than conclusory allegations

4

that Seiff prepared to compete, which cannot, on its own, support a claim for breach of fiduciary duty.

For these reasons, Count IV alleging breach of fiduciary duty should be dismissed with prejudice.

### C. Count V (Breach of Contract) Fails to State a Claim.

A breach of contract claim has four elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach of contract by the defendant; and (4) injury to the plaintiff. *Hess v. Bresney*, 784 F.3d 1154, 1158-59 (7th Cir. 2015).

Scientel seeks to bases its claim for breach of contract upon an Employee Handbook. (Compl. ¶ 98.) Scientel alleges the Employee Handbook is a "valid and enforceable contract." (*Id.* ¶ 99.) However, Scientel failed to attach the Employee Handbook to its pleading, in an attempt to protect the Complaint's conclusory and inaccurate allegations from being controverted by the plain and unambiguous terms of that very instrument. Instead, Scientel sought to file the Employee Handbook under seal as an attachment to an Affidavit, despite the absence of any valid basis to do so. Scientel's obfuscation of the true terms of that Employee Handbook, attached hereto as Exhibit A, was for the purpose of avoiding dismissal of its claim for breach of contract.

Courts, however, will consider a document attached to a motion to dismiss, but not to a complaint, where the complaint refers to that document and where that document is central to a plaintiff's claim. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Employee Handbook is referenced in the Complaint as the operative agreement giving rise to a claim for breach of contract. (Compl. ¶ 99.) As the

Employee Handbook in question was attached to an Affidavit submitted by Scientel as part of its claim for injunctive relief, there can be little doubt as to the document's authenticity. *See* Motion for Temporary Restraining Order, Santos Affidavit, at Exhibit 1 thereto; *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Where a written instrument contradicts allegations of the complaint, the instrument will control. *Foshee v. Doust Constr.*, 185 F.2d 23, 25 (7th Cir. 1950).

Whereas the Complaint asserts that the Employee Handbook is a valid and enforceable contract, the express terms of that document belies those allegations. Specifically, the Employee Handbook prominently states, at page 1, as follows:

> Neither this handbook nor any other company guidelines, policies or practices creates an employment contract, agreement or confers any contractual rights whatsoever.

*See* Exhibit A attached hereto. As the Employee Handbook is not a contract, agreement or document that can be read to confer any contractual rights whatsoever on any person, that document cannot form the basis of breach of contract claim.

Thus, Count V should be dismissed with prejudice.

## CONCLUSION

Counts III, IV and V of Scientel's Complaint all fail to state a claim as a matter of law. Scientel's conversion and breach of fiduciary duty claims are based upon an alleged misappropriation of trade secrets, and are thus preempted by the Illinois Trade Secrets Act. Nor can Scientel's breach of fiduciary duty claim be supported by allegations that an employee, lacking in any post-employment restrictive covenants, merely prepared to compete. Finally, Scientel cannot maintain a breach of contract claim founded upon a writing that by its very terms is not an employment contract or agreement, and disavows

6

the granting of any contractual rights or obligations upon any of its signatories therein.

For these reasons, Counts III, IV and V of Scientel's Complaint should be dismissed with prejudice.

Dated: February 27, 2017

Respectfully submitted,

RICHARD SEIFF

BY: s/ Jeffery M. Heftman
One of its Attorneys

Jeffery M. Heftman (j.heftman@gozdel.com)
Steven H. Leech (s.leech@gozdel.com)
**GOZDECKI, DEL GIUDICE,**
 **AMERICUS, FARKAS & BROCATO LLP**
One East Wacker Dr., Suite 1700
Chicago, IL 60601
(312) 782-5010
Attorneys for Defendant